# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

RONALD R. SMITH, )
                                                          )
      Petitioner, )
                                                         )
                                                         ) Case No. CV411-240
                                                         )
JOSEPH BADEN, and the )
ATTORNEY GENERAL OF THE )
STATE OF GEORGIA, )
                                                         )
      Respondents. )

## REPORT AND RECOMMENDATION

Presently before the Court is Ronald R. Smith's 28 U.S.C. § 2254 petition, which challenges an unspecified Chatham County Superior Court conviction. (Doc. 1 at 2.) Since it plainly appears from the face of his petition that petitioner has failed to exhaust available state remedies, the petition should be summarily **DISMISSED**.

Under 28 U.S.C. § 2254(b)(1)(A), "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." *See O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999) ("Federal habeas relief is

available to state prisoners only after they have exhausted their claims in state court."). An applicant for federal habeas relief has not exhausted his state remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

Here, petitioner is presently awaiting the outcome of his state habeas proceeding. (Doc. 1 at 3.) In fact, his sole ground for relief is that his rights have been violated based upon the state habeas court's "inordinate delay" in issuing an opinion. (*Id.* at 5.) While Smith is understandably frustrated, he has not exhausted his state remedies; he must seek a writ of mandamus from the state courts before he can proceed here.

As the Eleventh Circuit explained in a similar situation:

> Upon a review of Georgia civil procedure, it appears that [petitioner] has an available state procedure in which to raise the question he presents in his habeas petition. Georgia law provides that, "[a]ll official duties should be faithfully performed; and whenever, from any cause, a defect of legal justice would ensue from a failure to perform . . . the writ of mandamus may issue to compel a due performance, if there is no other specific legal remedy for the legal rights." O.C.G.A. § 9-6-20. A writ of mandamus "is an extraordinary remedy that is only available if no other adequate legal remedy exists," *Mayo v. Head*, 280 Ga. 793, 631 S.E.2d 108, 109 (2006), however, the Georgia Supreme Court has considered mandamus proper to compel a superior court judge to schedule a hearing to consider a prisoner's state habeas motion. *Rickett v. State*, 276 Ga. 609, 581 S.E.2d 32, 33-34 (2003). . . . [And] [s]uperior

2

> court judges have the duty to enter a ruling, and notify the parties of that ruling, within 90 days, at the latest, from hearing a motion of any nature. *See* O.C.G.A. § 15-6-21. Where a judge has not issued a ruling within the period authorized by statute, "[t]he only remedies for violation of the statute are mandamus and impeachment of the judge." *Brooks v. State*, 265 Ga. 548, 458 S.E.2d 349, 352 (1995).

*Jackson v. Walker*, 206 F. App'x 967, 969 (11th Cir. 2006). Since Smith still may seek mandamus, he has not yet exhausted all state remedies. *Id.*

Because it "plainly appears from the petition . . . that the petitioner is not entitled to relief" at this time, the Court "must dismiss the petition and direct the clerk to notify the petitioner." Rule 4, Rules Governing Section 2254 Cases. Accordingly, this petition should be **DISMISSED** without prejudice for lack of exhaustion.

Applying the Certificate of Appealability ("COA") standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving sua sponte denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in

good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this  26th  day of October, 2011.

/s/ G.R. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA